UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VICTOR MICHAEL DAUTERIVE | CIVIL ACTION NO. 15-cv-2182 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| GUILBEAU MARINE LOGISTICS L L C ET AL | BY CONSENT OF THE PARTIES |

## MEMORANDUM ORDER

Per the discussion held during the June 1, 2018 telephone status conference (*see* Rec. Docs. 77, 78), before the Court are the Defendant's objections to the Plaintiff's previously-granted motion to continue trial (Rec. Doc. 89), and the Plaintiff's reply (Rec. Doc. 90). Although the Court has already granted the Plaintiff's request for a continuance and reset the trial date for February 11, 2019, the Court allowed Defendant, Guilbeau Marine, Inc., the opportunity to address the legal bases set forth in support of the motion to continue trial (*see* Rec. Doc. 70). Oral argument was held on June 28, 2018. (Rec. Doc. 91).

First, in response to the Plaintiff's alleged need to retain additional, rebuttal experts in the fields of cardiology, occupational medicine, and biomechanics, the Defendant argues that the Plaintiff should be held to his strategic decision not to initially retain such experts and should not be allowed an extension of the scheduling order's deadlines in order to retain these additional experts. In reply, the Plaintiff

admits that his request is late but claims that the new experts are necessary to rebut new issues raised for the first time by the Defendant's experts, namely, that the Plaintiff is disabled from offshore work due to heart issues and questions surrounding the causation of Plaintiff's spinal injuries in relation to the incident at issue in this lawsuit.

As discussed during the hearing, and after considering the factors set forth in *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-08 (5th Cir. 2007), the Court finds no need for any further expert designations in this case; therefore, the Court will not allow the Plaintiff to retain additional experts in the fields of cardiology, occupational medicine, and biomechanics. The Court is accustomed to allowing hypothetical questions of experts, inquiring as to whether an expert's stated opinion would change if the underlying factual basis changed, as may be indicated by the facts or testimony in the case. As such, the proper means of rebutting any cardiologist presented by the defense is through questioning of the Plaintiff's treating cardiologist, if necessary, rather than an entirely new, retained expert in cardiology. Further, as to the Defendant's occupational medicine and biomechanics experts, the Court made clear to the parties that it did not consider such testimony to be necessary in this case. As indicated by the Plaintiff, he has designated those witnesses which he deems necessary to prove his case; the Court finds no need for more experts in this bench trial.

Second, in response to the Plaintiff's request that his treating spine surgeon, Dr. Neil Romero, be allowed to provide an updated opinion on the Plaintiff's prognosis once he reaches MMI, the Defendant argues that the Plaintiff is attempting to "obtain litigation medical opinions . . . to cure the deficiencies raised by Guilbeau Marine in the pending motions." (Rec. Doc. 89, p. 8). Yet, the Defendant concedes that Dr. Romero should be permitted to opine as it relates to his treatment of the Plaintiff. Considering that Dr. Romero is a treating physician, the Court will allow Dr. Romero to supplement his report to the extent that any such supplement is based on Dr. Romero's continued treatment of the Plaintiff and any notes that result therefrom. In accordance with the scheduling order, copies of such reports are to be furnished to opposing counsel within five days of Plaintiff's counsel's receipt thereof.

Accordingly, the Defendant's objections are sustained in part and overruled in part, as explained in this order.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 12th day of July, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE