UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VICTOR MICHAEL DAUTERIVE | CIVIL ACTION NO. 15-cv-2182 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| GUILBEAU MARINE LOGISTICS L L C ET AL | BY CONSENT OF THE PARTIES |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Exclude or Limit the Testimony and/or Opinions of Plaintiff's Vocational Rehabilitation Consultant and Life Care Planner, Stanford H. McNabb, and Economist, G. Randolph Rice (Rec. Doc. 66), filed by Defendant Guilbeau Marine, Inc. The Plaintiff filed an opposition (Rec. Doc. 82), to which the Defendant replied (Rec. Doc. 88). Oral argument was held on June 28, 2018.

As clarified by counsel during oral argument, the instant motion was partly predicated on the Court ruling in favor of the Defendant as to "the Plaintiff's Medical Team," (*see* Motion, Rec. Doc. 63), insofar as Mr. McNabb's opinion relies on those of Plaintiff's medical experts, and also challenges Mr. McNabb's methodology for his failure to consider Plaintiff's complete medical record before rendering his opinion as to Plaintiff's life care plan. Then, assuming exclusion of Mr. McNabb's testimony, the Defendant proceeds to challenge the admissibility of Dr. Rice's testimony, which relies upon the findings of Mr. McNabb. The Plaintiff argues that

each of these experts is amply qualified and the challenges contained in the instant motion generally affect the weight, rather than the admissibility, of the testimony of these two experts. The Court agrees.

Federal Rule of Evidence 702 governs the admissibility of testimony by expert witnesses. The rejection of expert testimony is the exception rather than the rule.[1] Essentially, the instant motion challenges the sufficiency of the facts, either through incorrectness or incompleteness, relied upon by each of these experts in reaching their conclusions. The Fifth Circuit has explained that, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [factfinder's] consideration."[2] The appropriate means of attacking this testimony are "[v]igorous cross-examination [and] presentation of contrary evidence[.]"[3] Given that this is a bench trial, where the factfinder is the Court, its gatekeeper role is "significantly diminished."[4] This testimony will be weighed in the proper context at trial.

The Defendant's final contention is that Mr. McNabb's life care plan is improperly based on inflated medical expenses, which have not been discounted in

---

[1] *See* Fed. R. Evid. 702 advisory committee's note (2000).
[2] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).
[3] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).
[4] *See Whitehouse Hotel Ltd. Partnership v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010).

accordance with the applicable fee schedule set forth in the Longshore Harbor Workers' Compensation Act ("LHWCA"), as well as Fifth Circuit law. Again, the alleged deficiencies in Mr. McNabb's methodology (Rec. Docs. 66, 88) may be explored through cross-examination and may affect the weight given to his testimony; however, such assessment must be made at trial. Of course, should the Plaintiff fail to establish an evidentiary basis for Mr. McNabb's opinion or any portion thereof, the opinion itself or the affected portion will not be accepted.

As explained during oral argument, this Court is familiar with *Deperrodil v. Bozovic Marine, Inc.,* 842 F.3d 352, 361 (2016), which held that LHWCA medical-expense payments are collateral to a third-party tortfeasor only to the extent the expenses are actually paid. Furthermore, this Court understands the interplay between the Bureau of Labor Statistics and evidentiary bases for departure therefrom, which may be relevant to determining a particular plaintiff's work-life expectancy.[5] These legal issues will be determined in due course and will depend on the evidence presented during trial.

Accordingly, the instant motion (Rec. Doc. 66) is denied.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 12th day of July, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[5] *See Deperrodil*, 842 F.3d at 361-62.